IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARVIS JACKSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-1421-X (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* habeas action brought pursuant to 28 U.S.C. § 2254 by Petitioner Jarvis Jackson, an inmate at the Texas Department of Criminal Justice. On June 12, 2020, the Court mailed Jackson an order and notice of deficiency informing him that he had not paid the filing fee or filed a proper request to proceed *in forma pauperis*. The Court informed him that failure to cure this deficiency within 30 days could result in a recommendation that his petition be dismissed. On July 10, 2020, Jackson filed a Motion for Leave to Proceed *in forma pauperis*. After evaluating the Motion and the trust fund account statement submitted in support of the Motion, the Court found that Jackson has sufficient assets to pay the full filing fee in this action. Rather than recommending the Motion immediately be denied, the Court deferred ruling on the Motion and gave Jackson 30 days from August 17, 2020, to pay the filing fee. The Court warned Jackson that failure to pay the filing fee would result in a recommendation that this action be dismissed. More than 30 days have passed, and Jackson has failed

1

to pay the filing fee. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, the Court found that Jackson has sufficient assets to pay the full filing fee in this action. Therefore, this litigation cannot proceed until Jackson pays the filing fee. By failing to pay the filing fee, Jackson has failed to prosecute this lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Jackson's petition without prejudice under Rule 41(b).

SO RECOMMENDED.
Signed October 19, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).